DMP:RD/JDH/MS
F.#2017R02240

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                  Docket No. <u>19-CR-615 (JO)</u>

DEXTER EMMANUEL,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S**
**<u>MOTION TO DISMISS THE MISDEMEANOR INFORMATION</u>**

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

Douglas M. Pravda
Supervising Assistant U.S. Attorney

Rachel DiBenedetto
Justin Heller
Manipal Singh
Student Prosecutors
EDNY Federal Prosecution Clinic
Brooklyn Law School

    (Of Counsel)

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................ 1

ARGUMENT ...................................................................................................... 3

    I.    The Government Did Not Fail to Prosecute Under Rule 48(b) ................... 3

    II.   The Simple Assault Charge Is Not Ripe for Dismissal ............................. 9

    III.  Defendant's Fifth Amendment Due Process Rights Were Not Violated ................. 10

CONCLUSION.................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Cases**

United States v. Bender,
  02-CRMISC-40, 2003 WL 282184 (S.D.N.Y. Feb. 7, 2003) ................................................. 6

United States v. Dooling,
  406 F.2d 192 (2d Cir. 1969)............................................................................................. 3, 8

United States v. Elsbery,
  602 F.2d 1054 (2d Cir. 1979).............................................................................................. 10

United States v. Gaskin,
  364 F.3d 438 (2d Cir. 2004)................................................................................................. 9

United States v. Hillegas,
  578 F.2d 453 (2d Cir. 1978).......................................................................................... 7, 11

United States v. Infanti,
  474 F.2d 522 (2d Cir. 1973)................................................................................................. 4

United States v. Lai Ming Tanu,
  589 F.2d 82 (2d Cir. 1978).............................................................................. 3, 4-5, 8, 10

United States v. Lainez-Leiva,
  129 F.3d 89 (2d Cir. 1997)................................................................................................. 6

United States v. Lake,
  233 F. Supp. 2d 465 (E.D.N.Y. 2002) ............................................................................. 10

United States v. Lane,
  561 F.2d 1075 (2d Cir. 1977).......................................................................................... 7-8

United States v. Lovasco,
  431 U.S. 783 (1977)................................................................................................... 10, 11

United States v. Mancuso,
  302 F. Supp. 2d 23 (E.D.N.Y. 2004) ................................................................................. 7

United States v. Marion,
  404 U.S. 307 (1971)........................................................................................................... 10

United States v. Moreno,
   789 F.3d 72 (2d Cir. 2015)..................................................................................... 7

United States v. Roper,
   03-M-361 (CLP), 2003 WL 24017061 (E.D.N.Y. Nov. 24, 2003) ......................... 6, 10, 11

United States v. Vispi,
   545 F.2d 328 (2d Cir. 1976)............................................................................... 10-11

**Statutes**

18 U.S.C. § 13 .................................................................................................... 2, 3

18 U.S.C. § 113(a)(5) ........................................................................................ 2, 3, 9

18 U.S.C. § 3283(a) ................................................................................................ 4

18 U.S.C. § 3553(a). ............................................................................................... 8

New York Penal Law § 130.52............................................................................... 1

New York Penal Law § 130.55........................................................................... 2, 3

**Rules**

FED. R. CRIM. P. 48(b) ....................................................................................... *passim*

## PRELIMINARY STATEMENT

The government respectfully submits this memorandum in opposition to the defendant Dexter Emmanuel's Motion to Dismiss the Misdemeanor Information. The defendant moves to dismiss based on Federal Rule of Criminal Procedure 48(b) and the Fifth Amendment to the United States Constitution, but has not shown that he suffered prejudice in his ability to defend himself at trial because of any alleged delay in prosecution. On the contrary, to the government's knowledge, all evidence and witnesses remain available for presentation at trial. Nor has the defendant pointed to any other circumstances sufficient to warrant dismissal absent a showing of trial prejudice. For these reasons, and those set forth below, the Court should deny the defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The defendant Dexter Emmanuel, a former contract security officer at Brooklyn Veteran's Hospital located at 800 Poly Place, Brooklyn, New York, is alleged to have touched a female victim on the buttocks without her consent on February 17, 2017. The victim, a participant in a work/study program sponsored by the Department of Veteran's Affairs, could not consent due to a mental disability. At least one employee of the Brooklyn Veteran's Hospital saw the defendant interact with the victim on at least one occasion prior to the incident, after which the employee warned the defendant to stay away from the victim because his relationship with her was inappropriate. Following the incident on February 17, 2017, the victim immediately reported the defendant's conduct.

On February 24, 2017, the defendant was served with a summons charging him with violations of N.Y. Penal Law § 130.52 (forcible touching, a class A misdemeanor) and New York Penal Law § 130.55 (sexual abuse in the third degree, a class B misdemeanor). On

April 25, 2017, the defendant appeared for the petty offense calendar at the United States District Court for the Eastern District of New York, and the matter was adjourned to a later, undetermined, date to permit the government to investigate the allegations further.

During the Fall of 2017, as is the practice in the Eastern District of New York, the matter was assigned to a group of student prosecutors as a part of Brooklyn Law School's Federal Prosecution Clinic, under the supervision of Assistant United States Attorneys in the Eastern District of New York. On December 1, 2017, the government offered the defendant a plea deal, which he rejected on December 19, 2017. The Violation Notice was filed on January 30, 2018. (See Doc. Entry No. 1).

Student prosecutors, under the supervision of various Assistant United States Attorneys, thereafter assessed what charges to include in a misdemeanor information against the defendant in light of the evidence of his conduct. The group of student prosecutors assigned to this case for the 2018-19 academic year determined that it was appropriate to charge the defendant with violations of New York Penal Law § 130.55 (sexual abuse in the third degree), as assimilated pursuant to 18 U.S.C. § 13, one of the charges that had been included in the Violation Notice, and 18 U.S.C. § 113(a)(5) (simple assault), which had not been included in the Violation Notice. At the time, however, student prosecutors with the Federal Prosecution Clinic were handling another case in which a defendant, on appeal of a conviction at a bench trial, raised a challenge to the applicability of the simple assault statute to an unwanted sexual touching. As a result of the potential for a decision bearing on the application of the simple assault statute to this case, the student prosecutors determined to await the district court's ruling on the application of the simple assault statute prior to proceeding with a simple assault charge against the defendant here. In April 2019, the district

court rejected that defendant's challenge to the simple assault statute.   The government subsequently finalized its charges against the defendant here.

In September 2019, the case was assigned to a new group of student prosecutors. Those student prosecutors confirmed that all of the witnesses and evidence were still available, and that the victim supported the continued prosecution of this matter.  On November 20, 2019, the student prosecutors contacted defense counsel to inform him that they intended to file a misdemeanor information.  On December 3, 2019, the government filed the Misdemeanor Information, charging the defendant with violations of New York Penal Law § 130.55 (sexual abuse in the third degree), as assimilated pursuant to 18 U.S.C. § 13, and 18 U.S.C. § 113(a)(5) (simple assault).  On December 17, 2019, the court arraigned the defendant on the Information. The court set a trial date for March 9, 2020.  On January 16, 2020, the government produced discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

## ARGUMENT

### I.    The Government Did Not Fail to Prosecute Under Rule 48(b)

The Court should not dismiss the Misdemeanor Information for failure to prosecute pursuant to Federal Rule of Criminal Procedure 48(b).  Rule 48(b) provides that, "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."  Fed. R. Crim. P. 48(b).  However, the court may dismiss an information under Rule 48(b) for failure to prosecute only where a defendant shows "prejudice to the accused or an intentional delay by the prosecution to effect such prejudice."   United States v. Lai Ming Tanu, 589 F.2d 82, 87 (2d Cir. 1978); United States v. Dooling, 406 F.2d 192, 196 (2d Cir. 1969) ("There is no doubt that before Rule 48(b) can be invoked there must

be a showing that the delay prejudiced the defendant's ability to rebut the government's case, or that the delay was caused by oppressive governmental action").  Here, however, the defendant does not show that he suffered prejudice to his trial defense, nor even suggests that the government intended to delay his prosecution to gain a tactical advantage.

In determining whether excessive delay violates Rule 48(b), the court looks to "a balancing of the length of the delay, the reason for it, the defendant's assertion of his right and the prejudice to the defendant." United States v. Infanti, 474 F.2d 522, 527 (2d Cir. 1973) (noting that Rule 48(b) is "substantially coterminous" with the Sixth Amendment right to a speedy trial).

Addressing the first factor, the length of delay, the government notes that between February 24, 2017 and January 30, 2018, the case proceeded as a summons on the petty offense calendar.  As noted above, the defendant appeared on the summons on April 25, 2017, following service of the summons.  The case was adjourned for continued investigation, which the government conducted.  The government subsequently tendered a plea offer to the defendant in December 2017, which the defendant rejected on December 19, 2017.  The Violation Notice was filed on January 30, 2018.

The government acknowledges that the case thereafter did not proceed in court for approximately 22 months until the filing of the Misdemeanor Information on December 3, 2019.  However, the Misdemeanor Information was filed well within the applicable five-year statute of limitations.  See 18 U.S.C. § 3283(a).  Pre-indictment delay, even a delay of 22 months, does not on its own warrant dismissal for failure to prosecute.  See, e.g., Infanti, 474 F.2d at 527 (finding no Rule 48(b) violation where "the length of time from arrest to indictment was 21 months and from arrest to trial 28 months, neither extraordinary"); see also Lai Ming

4

Tanu, 589 F.2d at 89 (acknowledging the 20-month "improper delay," but finding no "substantial prejudice to [the defendant's] right to a fair trial").

Thus, while the case did not proceed in court in between the filing of the Violation Notice in January 2018 and the Misdemeanor Information in December 2019, the government nevertheless filed its Misdemeanor Information (which, as discussed below, contained an additional charge not included in the Violation Notice) more than two years before the expiration of the applicable statute of limitations.

Addressing the second factor, the reason for the delay, the government disagrees with defense counsel that the delay reflects that the defendant's case "has been deemed of relatively little consequence." (Def. Mem. at 5). While it is true that the defendant's case has been handled by successive teams of student prosecutors, supervised by various Assistant United States Attorneys, that does not mean that the government did not view the case as important. The student prosecutors who received the case in the spring of 2017 and the student prosecutors in the 2017-2018 academic year conducted a factual investigation of the charges, made a determination about an appropriate plea offer to extend based on that investigation, and thereafter (following rejection of the plea offer) assessed what charges to bring in a misdemeanor information. The student prosecutors in the 2018-2019 academic year determined to bring a charge of simple assault in addition to a charge of sexual abuse in the third degree, but then made a decision to await the resolution of a then-ongoing appeal to the district court in another case about the scope of the simple assault statute as applied to an unwanted sexual touching.[1] Finally, the current group of student prosecutors, after being

_____

[1] As the defendant acknowledges (see Def. Mem. at 4 n.1), the government was not constrained by the Speedy Trial Act in bringing a misdemeanor information following the

assigned the case in September 2019, familiarized themselves with the facts, confirmed that all witnesses and evidence were still available and that the victim supported continued prosecution, researched several relevant legal issues in advance of filing the Misdemeanor Information, reached out to defense counsel to alert him of the impending filing of the Misdemeanor Information, filed that Information, and have continued prosecuting the case.

The government recognizes that the consequence of the turnover in student prosecutors from one academic year to the next adds some delay to what would, in the ordinary case, be a more seamless process.  But any such delay here was not the consequence of an intentional effort to delay the defendant's case nor did the government seek to obtain any unfair advantage through such delay.  See, e.g., United States v. Lainez-Leiva, 129 F.3d 89, 92 (2d Cir. 1997) (finding "dismissal was inappropriate" under the Sixth Amendment partially because "the delay was 270 days long and resulted from Government's inadvertence rather than misconduct" and the defendant suffered no prejudice).

Because there was no oppressive conduct or intent to delay the defendant's trial, and because the government was actively working on this prosecution or matters related thereto, the second factor should weigh against dismissal.

Addressing the third factor, the defendant's timely assertion of his rights, the government disagrees with the defendant's assertion that he has "consistently requested resolution of the case and has sought the opportunity to clear his name through a timely

---

filing of the Violation Notice in January 2018.  See United States v. Roper, 03-M-361 (CLP), 2003 WL 24017061, at *12 (E.D.N.Y. Nov. 24, 2003) ("[T]he Speedy Trial Act, 18 U.S.C. §§ 3161 to 3174, does not apply to class B misdemeanors."); United States v. Bender, 02-CRMISC-40, 2003 WL 282184, at *2 (S.D.N.Y. Feb. 7, 2003) (holding the right to speedy trial was not violated as the Speedy Trial Act does not apply to Class B or C misdemeanors).

hearing." (Def. Mem. at 6). In support of his argument, the defendant attached a letter, dated September 25, 2017, indicating he sought to discuss the matter. *See* Def. Ex. B. However, following the defendant's letter, the government extended to the defendant a plea offer on December 1, 2017. The defendant rejected that plea offer on December 19, 2017. The government is not aware of any communications from defense counsel following the rejection of that plea offer.

While the government recognizes that a defendant has no obligation to bring himself to trial, the defendant cannot argue that he consistently and repeatedly made efforts to resolve the case or to seek a speedy trial when such communications predated the government's extension of a plea offer and the defendant's rejection of that offer in December 2017. See United States v. Hillegas, 578 F.2d 453, 461 (2d Cir. 1978) (rejecting a Sixth Amendment speedy trial claim in part because the defendant did not demand the government to "seek an indictment or . . . proceed immediately to trial after one was filed").

Addressing the fourth factor, prejudice to the defendant, the defendant does not demonstrate how any delay has prejudiced his ability to prepare a defense. See United States v. Moreno, 789 F.3d 72, 81 (2d Cir. 2015) (explaining that the most serious form of prejudice is impairment of the trial defense because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system" and denying Sixth Amendment speedy trial motion to dismiss where the defendant could not show actual prejudice to his defense); see also United States v. Mancuso, 302 F. Supp. 2d 23, 32 (E.D.N.Y. 2004) (holding, in context of a Speedy Trial Act claim, that "[p]rejudice typically involves the effect that delay has on a defendant's ability to mount a defense."). The court should reject the defendant's Rule 48(b) claim because he cannot show prejudice to his ability to prepare his defense. See United States

v. Lane, 561 F.2d 1075, 1079 (2d Cir. 1977) (denying a Sixth Amendment speedy trial claim in part because the appellant failed to cite to any "specific prejudice to himself from the delay").  Moreover, although the defendant bears the burden to show prejudice to his trial defense, see Dooling, 406 F.2d at 196, the government notes that it is not aware of any loss of evidence or witnesses.  To the government's knowledge, all available evidence was preserved and all witnesses remain available.

       To be sure, the defendant cites other forms of prejudice – for instance, the loss of a job, the loss of morale, and the uncertainty of having criminal charges hanging over his head – but these forms of prejudice do not warrant dismissal of the information.  The defendant has not been incarcerated since the time of the incident nor did the court place any pre-trial restrictions on the defendant.  See Lai Ming Tanu, 589 F.2d at 89 (finding no prejudice when there was no loss of trial evidence and the defendant was not subject to restrictions, "not in prison, nor was she under the restrictions of bail" during the 20-month period).  While the defendant here alludes to an "adverse effect on his morale," citing his discharge from the Brooklyn Veteran's Hospital and his decrease in salary for his new employment (Def. Mem. at 6), his discharge from his employment and period of unemployment is independent of any alleged delay in his prosecution.  Thus, while the defendant may have suffered these consequences, they do not warrant dismissal under Rule 48(b).  To the extent the court finds any legitimate collateral consequences exist, those consequences should not bear on whether to proceed to trial, but instead may be taken into account in fashioning an appropriate sentence should the defendant be convicted at trial.  See 18 U.S.C. § 3553(a).

       In sum, the four factors in the Rule 48(b) analysis weigh against a dismissal for failure to prosecute.

## II.     **The Simple Assault Charge Is Not Ripe for Dismissal**

To the extent the Court finds a failure to prosecute and is inclined to dismiss charges pursuant to Rule 48(b), such dismissal should not apply to the simple assault charge brought pursuant to 18 U.S.C. § 113(a)(5).  The simple assault charge was first brought in the Misdemeanor Information, filed on December 3, 2019.  Therefore, because the defendant was never served a summons for the simple assault charge nor was it included in the Violation Notice, there was no delay, let alone prejudicial delay, between the summons or Violation Notice and the Misdemeanor Information on that charge.

While the Speedy Trial Act is not implicated in this case (because it does not apply to Class B or Class C misdemeanors), the government notes that if the Speedy Trial Act were applicable, it would apply only to the charges actually brought in the summons or Violation Notice.  It would not apply to charges that were pursued for the first time by way of an indictment or information.  See, e.g., United States v. Gaskin, 364 F.3d 438, 451-52 (2d Cir. 2004) (applying Speedy Trial Act to pre-indictment delay only with respect to charges actually pending against a defendant in a complaint, and explaining that "[a]s to charges not so specified [in a complaint], a defendant's protections against pre-indictment delay are those provided by the applicable statutes of limitations and the speedy trial safeguards of the Due Process Clause").  Here, the simple assault charge, which was brought on December 3, 2019, was brought well within the appropriate statute of limitations.  It should not be dismissed for the independent reason that it was not subject to any delay from the summons or Violation Notice to the present.

9

III.    **Defendant's Fifth Amendment Due Process Rights Were Not Violated**

   The defendant also argues that the Misdemeanor Information should be dismissed under the Due Process Clause.  (Def. Mem. at 9-11).  However, any alleged delay did not infringe on the defendant's Fifth Amendment right to due process.  To succeed on a due process claim, a defendant must meet the "heavy burden" of showing "actual prejudice to [his] right to a fair trial *and* unjustifiable Government conduct."  United States v. Elsbery, 602 F.2d 1054, 1059 (2d Cir. 1979) (emphasis added) (citing United States v. Lovasco, 431 U.S. 783, 789–90 (1977), and United States v. Marion, 404 U.S. 307, 324–35 (1971)); see also United States v. Roper, No. 03-M-361 (CLP), 2003 WL 24017061, at *11 (E.D.N.Y. Nov. 24, 2003) ("[P]reindictment delay, violative of the Fifth Amendment's Due Process Clause, requires dismissal of an indictment only when the delay causes 'substantial prejudice' to the defendant and the delay is an 'intentional device to gain tactical advantage over the accused.'" (citing Marion, 404 U.S. at 324)); United States v. Lake, 233 F. Supp. 2d 465, 473–74 (E.D.N.Y. 2002) (pre-indictment delay alone is insufficient, instead the defendant must show actual prejudice and intentional "improper purpose" by the government to prevail on due process grounds).

   Here, the defendant did not suffer any prejudice to his trial defense, nor has he alleged any such prejudice.  Even if the court finds that the defendant suffered non-trial prejudice, any alleged delay did not cause the requisite "substantial prejudice" to warrant dismissal.  Marion, 404 U.S. at 324; see also Lai Ming Tanu, 589 F.2d at 90 (finding no basis to dismiss indictment on due process grounds where "prejudice, in the sense of a loss of evidence, was not shown").  Nor is there any allegation that the government intentionally delayed the prosecution to gain a tactical advantage over the defendant.  See United States v.

10

Vispi, 545 F.2d 328, 332 (2d Cir. 1976) (denying due process claim where defendant did not show "any support for the claim that the government's long pre-information delay denied [defendant] due process" because there was "no evidence that the government utilized the delay as an intentional device to gain a tactical advantage over [defendant] or that it resulted in some specific prejudice to him"); Roper, 2003 WL 24017061, at *13 (finding no showing of intentional delay).

In Lovasco, the Supreme Court recognized that the government need not proceed with an indictment until it is "completely satisfied that [it] should prosecute," including for reasons beyond simply having sufficient evidence to prove a defendant's guilt. 431 U.S. at 794-95. Thus, even if the Court were to find the defendant has "been somewhat prejudiced by the lapse of time," any alleged delay did not infringe on the defendant's due process rights. Id. at 795-96; see also Hillegas, 578 F.2d at 461 (holding that a three-year delay from arrest to indictment did not violate defendant's Fifth Amendment rights when the indictment was filed within the statute of limitations and defendant suffered no "legally recognizable prejudice from the delay"). Here, the charges against the defendant were brought within the five-year statute of limitations, and, in the absence of any showing of trial prejudice, do not violate the defendant's Fifth Amendment right of due process.

11

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny the defendant's motion to dismiss the Misdemeanor Information.

Dated:  Brooklyn, New York
       January 29, 2020

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:    _/s/ Douglas M. Pravda_____
Douglas M. Pravda
Supervising Assistant U.S. Attorney
(718) 254-6268

Rachel DiBenedetto
Student Prosecutor
EDNY Federal Prosecution Clinic
Brooklyn Law School
(718) 704-8927

Justin Heller
Student Prosecutor
EDNY Federal Prosecution Clinic
Brooklyn Law School
(631) 291-1046

Manipal Singh
Student Prosecutor
EDNY Federal Prosecution Clinic
Brooklyn Law School
(646) 945-1070

cc:    Clerk of the Court (JO) (by ECF)
       Daniel W. Russo, Esq. (by ECF)